**Rosendo BLANCO–BAUTISTA,
Petitioner,**

v.

**Loretta E. LYNCH, Attorney
General, Respondent.**

**No. 15–70946**

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provid-

**327**

Submitted September 13, 2016 *

Filed September 19, 2016

Jennifer K. Lesmez, Law Offices of Jennifer Lesmez, Selah, WA.

Andrew Nathan O'Malley, Trial Attorney, OIL, Washington, DC, Chief Counsel ICE, San Francisco, CA.

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

## MEMORANDUM **

Rosendo Blanco–Bautista, a native and citizen of Mexico, petitions for review of the immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture and thus is not entitled to relief from his reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Andrade–Garcia v. Lynch*, 828 F.3d 829, 833–34 (9th Cir. 2016), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Blanco–Bautista failed to establish a reasonable possibility of persecution on account of a protected ground, *see* 8 C.F.R. § 1208.31(c), because the evidence demonstrates the cartel targeted Blanco–Bautista in furtherance of its criminal enterprise, which does not support a finding for persecution on account of a protected ground, *see Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a pro-

tected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Molina–Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). We reject Blanco–Bautista's contention that he was entitled to a presumption of future persecution.

Substantial evidence also supports the IJ's conclusion that Blanco–Bautista failed to show a reasonable possibility that he would be tortured by the government of Mexico or with its consent or acquiescence. *See* 8 C.F.R. § 1208.31(c); *Garcia–Milian v. Holder*, 755 F.3d 1026, 1033–34 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.